UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANGELIC DREW,

    Plaintiff,

v.                                        Case No. 8:23-cv-2326-TPB-CPT

AMAZON.COM SERVICES, LLC,

    Defendant.
_____/

### ORDER DENYING "AMAZON'S MOTION TO DISMISS COUNTS II AND III"

This matter is before the Court on "Amazon's Motion to Dismiss Counts II and III and Incorporated Memorandum of Law," filed on June 10, 2024. (Doc. 22). On June 24, 2024, Plaintiff filed her response in opposition (Doc. 24). After reviewing the motion, response, court file, and the record, the Court finds as follows:

### Background

Plaintiff Angelic Drew sues for violations of the Family Medical Leave Act ("FMLA") and Americans with Disabilities Act ("ADA"). Plaintiff was hired as an Amazon fulfillment associate in March 2016. In February 2021, Defendant Amazon.com Services, LLC terminated her after she took leave for a disability. Recognizing its mistake, Defendant reinstated Plaintiff on July 1, 2021.

Following her reinstatement, Plaintiff suffered from several medical conditions, including anemia, fatigue, shortness of breath, dizziness, and a heart murmur. In

June 2022, Defendant granted her FMLA leave. On November 6, 2022, Plaintiff was about to exhaust her medical leave – which had then been extended twice – and requested another extension. After completing additional paperwork requested by Defendant, Plaintiff received a letter denying her request. She appealed that letter, but two days later, on November 30, 2022, Plaintiff received notice that she was being terminated.

On October 12, 2023, Plaintiff filed the instant lawsuit, asserting three claims for relief – FMLA retaliation (Count I), ADA failure to accommodate (Count II), ADA retaliation (Count III). Defendant has moved to dismiss Counts II and III.

## **Legal Standard**

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232,

236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

## Analysis

Defendant argues that Counts II and III of the complaint should be dismissed because Plaintiff fails to adequately allege that she exhausted the requisite administrative remedies. In her complaint, Plaintiff generally alleges that the conditions precedent to the initiation of this lawsuit have been fulfilled.

"In this Circuit, the procedural preconditions to filing a [job discrimination] lawsuit are viewed as conditions precedent, and compliance with such conditions precedent must be pled generally by a plaintiff in the complaint." *Shedrick v. Dist. Bd. of Trustees of Miami-Dade Coll.*, 941 F. Supp. 2d 1348, 1364 (S.D. Fla. 2013) (citing *Jackson v. Seaboard Coast Line R. Co.*, 678 F.2d 992, 1009-10 (11th Cir. 1982)); *see also Myers v. Cent. Fla. Investments, Inc.*, 592 F.3d 1201, 1224 (11th Cir. 2010) ("In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed."). If Defendant doubts the veracity of Plaintiff's allegation, then it may deny "specifically and with particularity" that some or all of the preconditions have not been fulfilled. *See id.*; *Jackson*, 678 F.2d at 1010. But the issue Defendant identifies does not provide a basis for dismissing Counts II and III. Consequently, the motion to dismiss is denied.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Amazon's Motion to Dismiss Counts II and III and Incorporated Memorandum of Law" (Doc. 22) is hereby **DENIED**.

2. Defendant is directed to file an answer on or before July 30, 2024.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 15th day of July, 2024.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE